IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CINDY CUNNINGHAM,

    Plaintiff/Appellant,

v.                                                        No. 1:17-cv-00583 MLC

DULCE INDEPENDENT SCHOOL DISTRICT,
a New Mexico State Agency, and TOM SAVAGE,
individually and as supervisor of the DULCE
INDEPENDENT SCHOOL DISTRICT,

    Defendants.

**DEFENDANT DULCE INDEPENDENT SCHOOL DISTRICT'S
RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL**

COMES NOW Defendant Dulce Independent School District (the "School District"), by and through its undersigned counsel, Cuddy & McCarthy, LLP (Carol S. Helms), and hereby responds to Plaintiffs' Second Motion to Compel filed January 11, 2018 ("Second Motion") as follows:

**I.   FACTS**

Plaintiff files a second Motion to Compel regarding production of discovery in this matter. Despite multiple teleconferences, a discovery conference with the Court, an order on Plaintiff's first Motion to Compel, and multiple supplemental answers to Plaintiff's discovery requests, Plaintiff is nevertheless raising issues in her Motion that are not necessary to bring before the Court at this time. Once again, these issues seem to have been raised in order to complicate and distract, since the School District has been supplementing discovery in good faith and intends to produce documents as information is identified by the School District's staff.

The bottom line of Plaintiff's Second Motion is a request that this Court order the School District to:

1

a) "Produce all evidence of intent relevant to answering the relevant interrogatories and requests for production (Interrogatories Nos. 10, 12, 13, 15 and RFP Nos. 4 and 17…)";

b) "Produce proper documentation and certification of the remaining oral answers provided during the negotiation process prior to the filing of this Motion";

c) "Pay Plaintiff the costs of the Motion and its resulting reply"; and

d) "Perform any other act that the Court believes will resolve the discovery dispute between Defendant DISD and Plaintiff fairly and equitably…" *See* Second Motion [Doc. 61] at 1.

The School District requests that the Court deny Plaintiff's Second Motion and responds as follows:

### II. LEGAL STANDARD

Federal Rules of Civil Procedure Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any ***nonprivileged*** matter that is relevant to any party's claim or defense and proportional to the needs of the case…[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." FED. RULES OF CIV. PROC. R. 26(b)(1). The court, however, is not "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes,* 43 Fed.Appx. 214, 217 (10th Cir.2002) (unpublished opinion). *See Tottenham v. Trans World Gaming Corp.,* No. 00 Civ. 7697, 2002 WL 1967023, at 2 (S.D.N.Y.2002) ("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.") (quotations omitted); *Hardrick v. Legal Services Corp.,* 96 F.R.D. 617, 618 (D.D.C.1983) (noting that courts do, and should, remain concerned about

"fishing expeditions, discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests.") (quotation omitted). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1520 (10th Cir.1995) (quotation omitted). Thus, although discovery is intended to be broad, it is not without limit.

### III. ARGUMENT

In this case, through a Second Motion, Plaintiff seeks disclosure of information and documents that have been provided through supplemental responses and some of which the School District is intending to provide in additional supplemental responses in the coming weeks. Rather than agree in good faith to extensions to provide the School District with enough time to obtain the information Plaintiff is using motions practice to prematurely and in rapid succession bring each matter to the Court's attention.

**A. Plaintiff's Request That the School District Produce Evidence of Intent Relevant to Certain Interrogatories and RFPs Misses the Mark.**

The School District is aware of its ongoing obligation to provide information and documents pursuant to Plaintiff's discovery requests. The School District has explained to Plaintiff's Counsel that it has been in the process of searching for the information to respond to the discovery, as evidenced by the School District's initial responses and at least three supplemental responses provided to Plaintiff, for which Certificates of Service have been filed in this docket on September 13, 2017 [Doc. 22], October 24, 2017 [Doc. 29], October 30, 2017 [Doc. 35], and December 6, 2017 [Doc. 47]. The School District also intends to provide a fourth supplemental response in the next two weeks that further addresses Plaintiff's discovery requests.

Despite the School District's efforts to produce information and documents, Plaintiff continues to insist that the School District provide "evidence of intent". [Doc. 61 at 1 & 20] For each of the Interrogatories and Requests for Production Plaintiff cites in her Second Motion, the School District provided Answers and Responses in its original response and supplementations cited above. The School District provided verification of such answers on January 2, 2018, nine days prior to the filing of Plaintiff's Second Motion. *See* attached Response Exhibit 1. Nevertheless, Plaintiff argues that the School District's answers are inadequate. Plaintiff is conflating her dissatisfaction with the School District's answers with a lack of response from the School District.''

The School District is under no requirement to find evidence of intent in its answers or documents for Plaintiff. The School District is required to comply with discovery requests, and as demonstrated by its multiple supplemental responses, it is complying. However, it is not required to search for evidence of intent or other animus. That is the job of Plaintiff's Counsel. The School District is not obligated to, and will not, do Plaintiff's Counsel's work by searching for specific intent to make Plaintiff's case. Nevertheless, Plaintiff continues to complain that Defendant has provided inadequate answers.

Therefore, Plaintiff appears to be requesting that this Court demand that the School District find evidence of intent where none has been discovered. This is plainly unreasonable and this Court should deny Plaintiff's request.

**B. Plaintiff's Request for Proper Documentation and Certification Has Already Been Provided.**

This Second Motion to Compel appears to be an attempt by Plaintiff to bolster the allegations made in Plaintiff's Second Amended Complaint, by seeking admissions of intent from Defendants. Plaintiff claims in this Second Motion that verified responses are required and

4

requests that this Court order the School District to "produce proper documentation and certification of the remaining oral answers". It is unclear exactly what Plaintiff is requesting here beyond the specific statements in her Second Motion after each listed interrogatory and request for production in which Plaintiff states that "a verified response" should be produced. [Doc. 61 at 3-5] As discussed above, the School District provided the verifications that Plaintiff seeks nine days prior to the Motion being filed, and provided them by email on January 2, 2018. *See* attached Response Exhibit 1.

Moreover, it is unclear how Plaintiff's citation to authority regarding "the centrality of intent evidence in a discrimination case," "the broad discovery regularly afforded actions enforcing remedial statutes", and "the informational asymmetry always present in an employment case" applies to the arguments that the School District's answers are allegedly inadequate. [Doc. 61 at 1-2].

**C. Attorneys' Fees and Costs Should Not Be Awarded to Plaintiff for This Second Motion, as There Is No Evidence of Misconduct and Plaintiff's Counsel has Once Again Sought to Inflate His Fees Through This Frivolous Motion.**

As argued in this case already, Federal Rules of Civil Procedure 37(a)(5) provides for payment of expenses if a motion regarding failure to make disclosures or to cooperate in discovery is granted. This rule permits the payment of the movant's attorneys' fees and expenses, except when "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. RULES OF CIV. PROC. R. 37(a)(5)(A). Under Rule 37 the district court may award the prevailing party in a discovery dispute the "[party's] reasonable expenses incurred...including attorney's fees" in making or opposing a discovery motion, Fed.R.Civ.P. 37(a)(5)(A), (B), or

"the reasonable expenses, including attorney's fees, caused by the failure" to obey a discovery order. FED. RULES OF CIV. PROC. R. 37(b)(2)(C); *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012). Unquestionably here, Plaintiffs' Counsel would fail to meet the burden of showing any misconduct on the part of Defendant, demonstrating only a bad-faith and frivolous attempt by him to multiply attorney fees and costs for his own benefit should Plaintiffs be awarded attorney's fees and costs.

Plaintiff's Counsel filed this Second Motion rather than in good faith await the production of the supplemental responses, and now once again seek attorneys' fees. This demonstrates bad faith, meeting the first exception to the award of attorneys' fees in FED. RULES OF CIV. PROC. R. 37(a)(5)(A)(i). An award of attorneys' fees under the circumstances, where the School District has in good faith cooperated with discovery requests and is continuing to supplement, would be unjust. For these reasons, the movant's attorney's fees and expenses should not be awarded.

### IV. CONCLUSION

Plaintiff has manufactured a discovery dispute where there is a good faith effort on the part of the School District to comply with discovery requests as quickly as it is able to do so, given practical constraints like limited personnel, holiday schedules and overly broad requests. Despite receiving three sets of supplemental responses, over 21,000 pages of responsive documents, verifications for all Interrogatory Answers on January 2, 2018, participating in a discovery conference on January 4, 2018, and receiving an Order on the First Motion to Compel on the same date as the Second Motion was filed, January 11, 2018, Plaintiff has still filed this Second Motion to Compel claiming the School District has failed to respond to discovery requests. Nothing could be further from the truth.

WHEREFORE, for all of the reasons set forth herein, the School District respectfully requests that this Court deny Plaintiff's Second Motion and award Defendants their attorney's fees and costs incurred in bringing this Response.

Respectfully submitted,

CUDDY & McCARTHY, LLP

By: */s/ Carol S. Helms*
 CAROL S. HELMS
 7770 Jefferson N.E., Suite 102
 Albuquerque, New Mexico 87109
 chelms@cuddymccarthy.com
 (505) 888-1335
 (888) 977-3816 Fax

 **ATTORNEYS FOR DEFENDANT DULCE INDEPENDENT SCHOOL DISTRICT**

**Certificate of Service**

  I HEREBY CERTIFY that on the 25th day of January 2017, the foregoing pleading was electronically filed through the Court's CM/ECF system, which caused the foregoing parties or counsel of record to be served by electronic means as more reflected on the Notice of Electronic Filing:

 George Geran
 Law Offices of George Geran
 **ATTORNEYS FOR PLAINTIFF**
 4129 S. Meadows Road #1017
 Santa Fe, NM  87507
 geranlaw@aol.com

 Gerald A. Coppler
 Coppler Law Firm, P.C.
 **ATTORNEYS FOR DEFENDANT TOM SAVAGE**
 645 Don Gaspar Avenue
 Santa Fe, NM  87505
 geranlaw@aol.com

CUDDY & McCARTHY, LLP


By: /s/ *Carol S. Helms*
  Carol S. Helms